UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

DROP TECHNOLOGIES INC.

    Plaintiff,

vs.

GOBRANDS, INC. dba GOPUFF,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Drop Technologies Inc., by and through its undersigned attorneys, hereby files its Complaint against Defendant GoBrands, Inc. dba Gopuff and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) in that the action involves a plaintiff that is a citizen of a foreign state, Canada, and a defendant that is a citizen of a State of the United States. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. Plaintiff Drop Technologies, Inc. ("Drop") is a corporation organized and existing under the laws of Canada, which has its principal place of business in Toronto, Ontario, Canada. Drop is therefore a citizen of a foreign state, Canada.

3. Defendant GoBrands, Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is in Philadelphia, Pennsylvania.

GoBrands, Inc. conducts business under the fictitious name "Gopuff" and is hereinafter referred to as "Gopuff."

4. This Court has personal jurisdiction over the Gopuff because Gopuff conducts business in this District, the contract at issue in the case was negotiated by representatives of Gopuff from Miami, and the contract was entered into in this District.

5. Venue is proper under 28 U.S.C. section 1391(c)(2) because Gopuff is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

6. Drop operates a free rewards program that offers rewards to its members for online and offline purchases and survey completions. Drop contracts with various brands to drive e-commerce traffic and generate sales of the brand's products and services.

7. Gopuff is a consumer goods and food delivery company headquartered in Philadelphia, Pennsylvania. Gopuff delivers foods and goods typically found in convenience stores in more than 500 cities, suburbs, and towns across the United States as of 2025, including in the State of Florida and Miami-Dade county.

8. On December 22, 2023, Gopuff and Drop entered into a written agreement entitled "Insertion Order" (hereinafter the "Agreement") through which Drop agreed to provide its services for a marketing campaign linking its members and driving traffic to Gopuff's services. In exchange, Drop earned a 10% commission for sales generated by Gopuff through Drop's marketing efforts. A true and correct copy of the December 22, 2023 Insertion Order is attached hereto as **Exhibit A**.

9. In order to meet its obligations to Gopuff under the Agreement, Drop was responsible for all payments to third parties.

10. During the tenure of the Agreement, Drop and its partner, Triple (an affiliate of PNC Bank) have incurred approximately $285,000 in expenses to third parties in the form of points and cash back offers to consumers.

11. Drop generated approximately $50,000 in sales for Gopuff between January and March of 2024. Gopuff paid Drop's commissions through Commission Junction, facilitated by Melissa Lert (Gopuff's Director, Growth Marketing) and Kirby Brazelton at Realtime Agency, who was expressly designated by Gopuff as its agent and the point of contact for the Gopuff campaign.

12. Drop continued to generate traffic and sales for Gopuff through the end of July of 2024. During that period of time, Drop generated thousands of transactions for Gopuff in the State of Florida.

13. On July 22, 2024 Kirby Brazelton emailed Drop and asked: "Is the June invoice ready? It would be great to have June added to the invoice so we can get all past-due amounts paid up."

14. On July 30, 2024, Drop received an email from Kirby Brazelton stating in part "At this time can we please pause all activity effective immediately? We need to take a deeper look into how this partnership is affecting our bottom line."

15. Drop paused the campaign immediately on July 30, 2024 on the Drop Offers Network (which is a platform that connects brands and retailers to over 200 million card-holders, allowing them to drive sales through card-linked offers) and Drop also paused the campaign on August 8, 2024 on the Drop application.

16. As of the time Drop paused the campaign at the direction of Gopuff it had generated more than $3.7 million in sales for Gopuff pursuant to its obligations under the Insertion Order.

17. On or about April 30, 2024, Drop submitted invoice number INV-6675 in the amount of $78,649.52 to Gopuff for payment. A true and correct copy of INV-6675 is attached hereto as **Exhibit B**. As of the filing of this Complaint, Gopuff has never objected to or disputed INV-6675, but Gopuff has failed to pay the amount due under the invoice, or any part of it.

18. On or about May 31, 2024, Drop submitted invoice number INV-6718 in the amount of $99,893.86 to Gopuff for payment. A true and correct copy of INV-6718 is attached hereto as **Exhibit C**. As of the filing of this Complaint, Gopuff has never objected to or disputed INV-6718, but Gopuff has failed to pay the amount due under the invoice, or any part of it.

19. On or about June 30, 2024, Drop submitted invoice number INV-6838 in the amount of $108,370.66 to Gopuff for payment. A true and correct copy of INV-6838 is attached hereto as **Exhibit D**. As of the filing of this Complaint, Gopuff has never objected to or disputed INV-6838, but Gopuff has failed to pay the amount due under the invoice, or any part of it.

20. On or about July 31, 2024, Drop submitted invoice number INV-6936 in the amount of $83,404.77 to Gopuff for payment. A true and correct copy of INV-6936 is attached hereto as **Exhibit E**. As of the filing of this Complaint, Gopuff has never objected to or disputed INV-6936, but Gopuff has failed to pay the amount due under the invoice, or any part of it.

21. On or about August 31, 2024, Drop submitted invoice number INV-7025 in the amount of $1,005.11 to Gopuff for payment. A true and correct copy of INV-7025 is attached hereto as **Exhibit F**. As of the filing of this Complaint, Gopuff has never objected to or disputed INV-7025, but Gopuff has failed to pay the amount due under the invoice, or any part of it.

22. All conditions precedent to the bringing and maintenance of this action have been met, have occurred, or have been waived.

## COUNT I - BREACH OF CONTRACT

23. Drop realleges and incorporates by reference the allegations in Paragraphs 1 through 22, above, as though fully set forth herein.

24. On or about December 22, 2023, Drop entered into an express written agreement with Gopuff and whereby Drop agreed to provide its services for a marketing campaign linking its members and driving traffic to Gopuff's services, for which Drop earned a 10% commission for sales generated by Gopuff through Drop's marketing efforts.

25. Drop has fully performed all conditions, covenants, and obligations under the agreement for services and generated sales transactions for Gopuff in an amount in excess of $3.7 million during the time period between April and early August or 2024, for which Drop earned commissions under the Agreement in the amount of $371,323.92 as reflected in **Exhibits B through F** attached hereto.

26. Gopuff breached the Agreement by failing to pay the amounts due to Drop.

27. As a direct and proximate result of Gopuff's breach of the Agreement, Drop has suffered damages in the amount of $371,323.92, exclusive of interest and costs.

WHEREFORE, Plaintiff Drop Technologies Inc. demands judgment against Defendant for actual and compensatory damages, plus interest, costs, and such other and further relief as this Honorable Court may deem proper.

## COUNT II - UNJUST ENRICHMENT

28. Drop realleges and incorporates by reference the allegations in Paragraphs 1 through 22, above, as though fully set forth herein.

29. In the alternative, Drop provided services to Gopuff and Gopuff knowingly and willingly accepted and enjoyed Drop's services, which were beneficial to Gopuff.

30. Failure to allow Drop to recover for the reasonable value of the services would result in the unjust enrichment of Gopuff. Drop has established that the reasonable value of the services is $371,323.92, for which sum Drop sues in this Complaint.

WHEREFORE, Plaintiff Drop Technologies Inc. demands judgment against Defendant for actual and compensatory damages, plus interest, costs, and such other and further relief as this Honorable Court may deem proper.

## COUNT III - ACCOUNT STATED

31. Drop realleges and incorporates by reference the allegations in Paragraphs 1 through 22, above, as though fully set forth herein.

32. In the alternative, Drop is entitled to relief under the common law cause of action for account stated.

33. The transactions between the parties alleged hereinabove give rise to indebtedness of Gopuff to Drop.

34. The Agreement attached as Exhibit A fixes an amount due, which is $371,323.92.

35. Gopuff was presented with written invoices for Drop's services reflecting the amounts due and Gopuff never objected to or disputed the Invoices.

36. Gopuff's designated agent promised in writing to ensure that the invoices were paid, but the amount due has not been paid in whole or in part.

WHEREFORE, Plaintiff Drop Technologies Inc. demands judgment against Defendant for actual and compensatory damages, plus interest, costs, and such other and further relief as this Honorable Court may deem proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable to a jury.

Respectfully submitted,

*/s/ David A. Hayes*
David A. Hayes - FBN 096657
E-mail: dhayes@tcb-law.com
Turkel • Cuva • Barrios • Guerra
100 North Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 834-9191
Fax: (813) 443-2193

Lawrence J. Hilton*
LEAD COUNSEL
E-mail: lhilton@onellp.com
ONE LLP
23 Corporate Plaza, Suite 150-105
Tel: (949) 502-2870
**pro hac vice* motion forthcoming*

*Attorneys for Plaintiff*